[717 NYS2d 20]

In the Matter of SEAN C. MURPHY (Admitted as SEAN CAMP-BELL MURPHY), a Suspended Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 2000

**APPEARANCES OF COUNSEL**

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on April 11, 1988, as Sean Campbell Murphy. Respondent's current home address is in Massachusetts and there is no record that he has a New York office, hence, jurisdiction is based upon his admission to this Department. Respondent was also admitted to practice in the Commonwealth of Massachusetts on August 30, 1993.

By an order entered September 17, 1998, effective October 19, 1998, respondent was suspended from the practice of law in New York for nonpayment of the biennial registration fee.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of this Court (22 NYCRR) § 603.3, disbarring respondent from the practice of law predicated upon similar discipline issued by the Commonwealth of Massachusetts Supreme Judicial Court or, in the alternative, sanctioning respondent as this Court deems appropriate. That court disbarred respondent on November 15, 1999 based upon his affidavit of resignation dated September 29, 1999 and the recommendation and vote of the Board of Bar Overseers.

Prior to submission of his resignation, a petition was filed against respondent which alleged that, in two separate matters, he was retained to assist persons facing bank foreclosure of their homes for delinquent mortgage payments and he was entrusted with monies to prevent these proceedings. Shortly after deposit of these escrow monies, respondent converted the funds to pay personal expenses and he misrepresented to the clients the status of their cases and the work he had performed. As a result of his actions, both clients' homes were foreclosed upon. It was alleged that this misconduct violated Massachusetts Rules of Professional Conduct (MRPC) rules 1.3, 1.15, 4.1 and 8.4 (a), (c), (h). His alleged failure to cooperate with the investigation violated Massachusetts Rules of the Supreme Judicial Court, rule 4:01, § 3 and MRPC rule 8.4 (g). Based upon these allegations, respondent was temporarily suspended by the Massachusetts court on May 21, 1999.

Although respondent requested and received an adjournment of this motion, he has not interposed a response to the petition. In seeking an order disbarring respondent pursuant

to 22 NYCRR 603.3, the Committee asserts that respondent, if he had appeared, would have been precluded from raising any defense enumerated in section 603.3 (c) which provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

It is clear that respondent would have no defense under section 603.3 (c) (1) because he was provided with sufficient notice and an opportunity to be heard. Not only was respondent notified of the complaints filed against him by the Office of Bar Counsel, but he acknowledged such notification and his failure to file responses to the complaints. Furthermore, in his affidavit of resignation, respondent stated that he was represented by counsel; that he was aware that an investigation and proceedings into allegations of his misconduct were currently pending; that he did not wish to contest any bar discipline proceedings that were pending against him; and, that he understood that the misconduct alleged in the statement of charges was sufficient to warrant his disbarment. In addition to the charges set forth in the initial petition, the statement of charges alleged, *inter alia*, respondent's conversion of funds in two more matters, his failure to abide by the terms of the immediate temporary suspension order by continuing to practice, and his obligating a client to pay a judgment without the client's permission.

Furthermore, in his affidavit of resignation, respondent wrote:

"I acknowledge freely and voluntarily that there exists sufficient evidence to warrant findings by a hearing committee, the Board of Bar Overseers, and the Supreme Judicial Court that there are ma-

> terial facts and disciplinary violations alleged in [the statement of charges] which could be proven by a preponderance of the evidence. I expressly agree not to contest any facts or disciplinary violations alleged in [the statement of charges] in this or other bar discipline or reinstatement proceedings."

In view of the foregoing, respondent would not be able to establish that there was an infirmity of proof such as would provide him with a successful defense under section 603.3 (c) (2) and thus, this Court accepts as final the findings made by the Massachusetts court.

Additionally, respondent lacks a viable defense under section 603.3 (c) (3) inasmuch as the misconduct for which he was disciplined in Massachusetts constitutes misconduct in New York. Respondent, *inter alia*, converted funds from at least four different clients, ranging from $4,868 to $20,000 and failed to apprise his clients of his actions which resulted in foreclosure proceedings against several of them. These actions would constitute a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) (conduct involving dishonesty, fraud, deceit or misrepresentation) and DR 9-102 (a) (22 NYCRR 1200.46) (misappropriation of client funds).

With regard to the issue of sanctions, it is a generally accepted principle that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6). The Committee maintains that it is well settled in both Massachusetts and New York that the intentional conversion of client funds is grave misconduct which warrants the sanction of disbarment (*see, Matter of Neufeld*, 268 AD2d 1).

Disbarment is also justified when consideration is given to the following facts: while on interim suspension in Massachusetts, respondent accepted a fee from a client to file a bankruptcy petition and was ultimately disqualified; he never notified this Court or the Committee of his temporary suspension or subsequent disbarment in violation of this Court's rule 603.3 (d); he has already been suspended by this Court for failure to pay his registration fees; and he refused to cooperate with the Committee when it notified him of the pending investigation resulting from his disbarment in Massachusetts.

Accordingly, the petition for an order disbarring respondent under the doctrine of reciprocal discipline pursuant to section

603.3 of the Rules of this Court should be granted and respondent disbarred, and his name stricken from the role of attorneys and counselors-at-law.

MAZZARELLI, J. P., LERNER, ANDRIAS, BUCKLEY and FRIEDMAN, JJ., concur.

Petition to disbar respondent pursuant to the doctrine of reciprocal discipline granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.