[883 NYS2d 91]

In the Matter of ALAN SCHUCHMAN, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 30, 2009

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts received certified copies of: (1) an order of the Supreme Court of the State of California, filed June 27, 2006, suspending the respondent from the practice of law for a period of three years, with execution of the suspension stayed and the respondent being put on probation for a period of three years, on condition that he actually be suspended for a period of two years and until he has shown satisfactory proof of rehabilitation, fitness to practice, and learning and general ability in the law, and that he abide by the specific conditions of probation, including passing the Multistate Professional Responsibility Exam; and (2) an order of the Supreme Court of California, filed March 6, 2007, accepting the respondent's resignation, with charges pending, without prejudice to further proceedings in a disciplinary proceeding should he seek reinstatement. The Grievance Committee thereupon served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days after service, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c) and to demand a hearing at which those defenses could be considered.

Although served with the notice via court authorized substituted service pursuant to Judiciary Law § 90 (6) on November 20, 2008 and December 2, 2008, the respondent has failed to submit a verified statement or demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

The respondent's involvement with the California disciplinary authorities emanates from his retention by Douglas Thomas prior to September 1998 to represent him in a serious personal injury matter. The fee agreement provided for the respondent to receive a $33^1/_3\%$ contingency fee if the case settled before a lawsuit was filed or a 40% contingency fee if the case settled after a lawsuit was filed. The respondent filed a lawsuit against multiple defendants prior to September 1998. Thomas subsequently moved to northern California and left a contact number. Although Thomas returned to Los Angeles once for a deposition, the respondent was unable to contact him thereafter. The respondent eventually was contacted by a deputy sheriff from a northern California county who informed the respondent that

Thomas was in custody, having been arrested for carjacking and kidnaping.

The respondent participated in mediations in the personal injury action in December 1998 and April 1999, which resulted in settlements of $15,000 with one defendant and $200,000 with two other defendants. The personal injury action was dismissed against all remaining defendants. The respondent deposited the settlement funds into his client trust account after deducting his fees. The respondent did not inform Thomas or his designated representative of the settlements. By the respondent's calculation, Thomas' share of the settlement funds was $107,569.15. The respondent explained that the retainer agreement authorized him to enter into a settlement and deposit the resulting funds into a client trust account. The retainer agreement was not put into evidence.

The balance in the respondent's client trust account fell below that which the respondent was required to be holding for Thomas on June 30, 1999. There were at least 14 debits to the account, and it was closed on August 11, 1999. The respondent stipulated that all of the funds were used for his own purposes.

On March 16, 2004, the respondent and the California State Bar entered into a stipulation as to the facts and the State Bar submitted the issue of culpability on the stipulation. The hearing judge found, as an aggravating factor, that the respondent had a record of prior discipline which had resulted in a private reproval. The respondent stipulated that in the past he had failed to deposit funds into his client trust account, failed to deliver funds in his possession to a client, and threatened to bring disciplinary charges in order to obtain an advantage in a civil dispute. He had also failed to inform a client that he had received a check from a debtor, though no actual harm was found in that case since there was no misappropriation of the funds, even though the respondent unreasonably held the uncashed check without depositing it into his client trust account in an effort to resolve a fee disagreement.

In mitigation, the hearing judge took note of the respondent's extreme family problems and financial difficulties.

The Review Department of the California State Bar Court recommended that the respondent be suspended from the practice of law for a period of three years, with execution of the suspension stayed, and the respondent be placed on probation

for a period of three years with specific conditions, including his actual suspension for the first two years of probation "and until the respondent shows proof satisfactory to the State Bar Court of his rehabilitation, present fitness to practice, and present learning and ability in the general law pursuant to standard 1.4 (c) (ii) of the Standards for Attorney Sanctions for Professional Misconduct."

The recommendation of the Review Department was adopted by the Supreme Court of the State of California by order filed June 27, 2006. The respondent thereafter submitted his resignation, dated January 17, 2007. It was accepted by order of the Supreme Court of the State of California, filed March 6, 2007, without prejudice to further proceedings in any disciplinary proceeding pending against the respondent should he seek reinstatement.

Based on the findings of the California disciplinary authorities, the Grievance Committee's application for the imposition of reciprocal discipline is granted and, effective immediately, the respondent is disbarred in New York based upon his misconduct in California.

Prudenti, P.J., Mastro, Rivera, Spolzino and Skelos, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Alan Schuchman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Alan Schuchman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alan Schuchman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alan Schuchman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).