OPINION OF THE COURT
Per Curiam.
Respondent Alan Frank was admitted to the practice of law in the State of New York by the Third Judicial Department on March 26, 2009, under the name Sean Alan Rutledge.[1] At most times relevant to this proceeding, respondent maintained a registered business address within the First Department. Respondent was admitted to practice law in California in June 2008 and now lists a California address on his New York attorney registration. Respondent has not appeared in this proceeding.
The Departmental Disciplinary Committee (the Committee) seeks to impose reciprocal discipline, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, predicated on an order issued by the Supreme Court of California on July 13, 2011, which accepted respondent’s resignation from the practice of law with charges pending. The Committee alternatively seeks respondent’s immediate suspension in order to protect the public, pursuant to 22 NYCRR 603.4 (e) (1) (i), based on his failure to cooperate with the Committee’s investigation of 15 complaints against him in New York.
Respondent’s disciplinary proceedings in California arose from his operation of United Law Group (ULG), through which he represented homeowners in California and other states who were in default on mortgage payments or in foreclosure proceedings. In July 2009, the Office of the Chief Trial Counsel of the State Bar of California (OCTC) served respondent with a notice of disciplinary charges alleging seven violations of the California Rules of Professional Conduct, in connection with his representation of a particular client. Specifically, respondent was charged with, inter alia, intentionally, recklessly or repeatedly failing to perform legal services with competence; settling a client’s claim or potential claim for malpractice without informing the client in writing that he may seek the advice of indepen *94 dent counsel and without giving the client a reasonable opportunity to do so; failing to refund unearned fees; and forming a partnership involving the practice of law with a nonlawyer. Respondent, through counsel, submitted an answer denying all charges.
On November 6, 2009, after a hearing in which respondent was represented by counsel, the State Bar Court issued a lengthy decision and order granting an application by the OCTC to have respondent involuntarily declared an inactive member of the bar. The State Bar Court found that there was clear and convincing evidence that respondent’s conduct posed a substantial threat of harm to his clients or the public and, absent the court’s intervention, respondent would continue to harm present and future clients. Additionally, the court determined it was likely that the State Bar would prevail on additional counts of misconduct raised by other clients’ complaints.
Shortly thereafter, respondent submitted his “Resignation With Charges Pending” on November 25, 2009, and according to the Committee, “fled” California and could not be located. The State Bar Court stayed the disciplinary matter pending a ruling on respondent’s resignation by the Supreme Court of California. By order of July 13, 2011, the Supreme Court of California accepted respondent’s resignation.
The Committee assumed this matter from the Appellate Division, Third Department’s Committee on Professional Standards, perhaps because the Committee has been investigating numerous complaints — many of which are similar in nature to those made in California — filed against respondent since 2009. The Third Department, noting that placement of respondent on involuntary inactive status was a “regulatory procedure” and not “discipline” under California law, denied its committee’s 2010 motion for reciprocal discipline without prejudice to the re-filing of charges. Nevertheless, we agree with the Committee that this Court is not bound by the Third Department’s prior order because it pre-dated the California Supreme Court’s order accepting respondent’s resignation.
Respondent was served with the Committee’s petition for reciprocal discipline at his registered address in California (by first-class and certified mail, return receipt requested), yet he has not submitted a response.
We find that reciprocal discipline is warranted in this case and, therefore, respondent should be disbarred. There are only three defenses to reciprocal discipline, enumerated at 22 NYCRR *95 603.3 (c): (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; and (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Notwithstanding respondent’s failure to raise any of these defenses, none are available here.
Respondent received notice of the allegations against him in the charges filed by the OCTC, and he was afforded the opportunity to be heard. Represented by counsel, he answered the charges, unsuccessfully contested the OCTC’s application to have him declared involuntarily inactive, and then voluntarily submitted his resignation in California. Furthermore, there was no infirmity of proof establishing respondent’s misconduct. Indeed, the State Bar Court’s order placing him on involuntary inactive status was amply supported by documentary evidence.
In addition, the charges under which respondent resigned in California would likewise constitute misconduct under both New York’s former Code of Professional Responsibility and the current Rules of Professional Conduct (rules) (22 NYCRR 1200.0) (see DR 6-101 [a] [2] [22 NYCRR 1200.30 (a) (2)] [inadequate preparation] and rule 1.1 [a] [failure to provide competent representation]; DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)] and rule 1.3 [b] [neglect] and [a] [failure to act with reasonable diligence and promptness]; DR 6-102 [a] [22 NYCRR 1200.31 (a)] and rule 1.8 [h] [improper agreement to settle a client claim, or potential claim, for legal malpractice]; DR 2-106 [a] [22 NYCRR 1200.11 (a)], DR 2-110 [a] [3] [22 NYCRR 1200.15 (a) (3)] and rule 1.5 [a] and rule 1.16 [e] [failure to promptly refund unearned fees] and DR 3-102 [a] [22 NYCRR 1200.17 (a)] and rule 5.4 [b] [improper partnership with a nonlawyer]).[2]
Thus, the only remaining issue is the appropriate sanction to be imposed. As a general principle in reciprocal disciplinary matters, “this Court accords significant weight to the discipline imposed by the jurisdiction where the charges were originally brought” (Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]; see Matter of Jarblum, 51 AD3d 68 [1st Dept 2008]). Only reluctantly will this Court depart from its general rule (see *96 Jaffe, 78 AD3d at 158; Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). Because this case does not merit departure from that principle, we accord significant weight to the Supreme Court of California’s acceptance of respondent’s resignation with charges pending.
This Court has imposed reciprocal discipline in the form of disbarment based on disciplinary resignations in other jurisdictions (see Matter of Gentile, 46 AD3d 53 [1st Dept 2007] [reciprocal disbarment based on consent to disbarment in New Jersey]; Matter of Simons, 34 AD3d 136 [1st Dept 2006] [reciprocal disbarment based on North Carolina resignation]; Matter of Murphy, 276 AD2d 121 [1st Dept 2000] [reciprocal disbarment based on Massachusetts resignation]). While we have not previously imposed reciprocal disbarment grounded in a California resignation, the Second Department has done so (see Matter of Schuchman, 65 AD3d 327 [2nd Dept 2009] [reciprocal disbarment based on California resignation submitted in response to allegations of conversion]). Therefore, disbarment in respondent’s case is an appropriate sanction.
Disbarment in the instant matter is also in accord with this Court’s precedent involving similar misconduct to that of respondent (see Matter of Alejandro, 65 AD3d 63 [1st Dept 2009], appeal dismissed 13 NY3d 788 [2009], lv denied 13 NY3d 714 [2009] [disbarment for, inter alia, neglect of numerous client matters and failure to promptly return unearned fees]; Matter of Evangelista, 233 AD2d 1 [1st Dept 1997] [same]; Matter of Kranis, 219 AD2d 278 [1st Dept 1996], lv denied 89 NY2d 805 [1996] [disbarment for pattern of neglect with aggravating factors]).
Accordingly, the Committee’s petition for reciprocal discipline is granted and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York. The Committee’s motion for an interim suspension is consequently denied as moot.
Friedman, J.P., Acosta, Feinman, Gische and Clark, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof (M-4065). Suspension of respondent denied, as indicated (M-4066).

. Respondent legally changed his name, in Hawaii, in 2011. In October 2011, respondent similarly changed his name on New York’s roll of attorneys.

. The events giving rise to the charges under which respondent resigned involve continuous misconduct occurring between 2008 and 2009 and, therefore, the misconduct at issue must be evaluated under both New York’s former Code of Professional Responsibility and the current Rules of Professional Conduct.