[724 NYS2d 166]

In the Matter of PETER F. VOGEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 2001

**APPEARANCES OF COUNSEL**

*Roberta N. Berkwits* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel (*Jerome Karp, P. C.*), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Peter F. Vogel, was admitted to practice law in

the State of New York by the First Judicial Department on October 30, 1980. He was also admitted to practice in the State of New Jersey in 1964. At all times relevant to these charges, respondent maintained his principal place of business within the State of New Jersey, but also maintained an office within the First Department.

Petitioner has presented evidence that respondent's law firm, Vogel & Mongelli, Esqs., was the subject of a random audit by the Office of Attorney Ethics (OAE) of the Supreme Court of New Jersey on February 15 and April 25, 2000. The audit, which involved the review of the firm's books and records, concluded that on five separate occasions respondent had knowingly misappropriated, at a minimum, a total of $63,223.48 of client funds over a six-year period ending in January 2000. Although all of these funds were paid back, the OAE concluded that these findings established a definite pattern of knowing misappropriation of client funds in violation of New Jersey Rules of Professional Conduct rules 1.15 (knowing misappropriation of entrusted funds) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

On August 2, 2000, respondent submitted to the Supreme Court of New Jersey his consent to disbarment, which acknowledged that the allegations under investigation were true and that he could not successfully defend himself against the charges. Respondent also agreed that his consent to disbarment could be entered into evidence in a disciplinary proceeding in any other jurisdiction. By order dated August 9, 2000, the Supreme Court of New Jersey disbarred respondent by consent from the practice of law (*Matter of Vogel*, 165 NJ 202, 755 A2d 1167).

The Departmental Disciplinary Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.3, or, in the alternative, sanctioning respondent as this Court deems appropriate.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State. While respondent concedes that there was no legal infirmity in the New Jersey proceedings, he claims that disbarment should not be imposed in New York because he lacked venal intent, cooperated with the New Jersey audit, and returned all misappropriated funds. We disagree.

The code provisions that formed the basis of respondent's disbarment in New Jersey are analogous to Code of Professional Responsibility DR 9-102 and DR 1-102 (a) (4) (22 NYCRR 1200.46, 1200.3). With regard to these provisions, we have consistently held that the intentional conversion of client funds is grave misconduct warranting the sanction of disbarment (*see, Matter of Britton*, 232 AD2d 17; *Matter of Rivera*, 230 AD2d 74). While we have noted that a lesser sanction may, under certain circumstances, be authorized where the conversion of funds was attributable to carelessness (*Matter of Britton, supra,* at 19), a lesser sanction would not be appropriate here since in the New Jersey proceedings respondent admitted that he knowingly misappropriated client funds. Moreover, such factors as respondent's cooperation with the OAE or repayment of client funds do not negate the venal intent present at the time respondent misappropriated such funds (*id.*).

Accordingly, the petition of the Departmental Disciplinary Committee for an order pursuant to 22 NYCRR 603.3 should be granted, and the respondent's name should be stricken from the roll of attorneys.

NARDELLI, J. P., MAZZARELLI, ANDRIAS, SAXE and FRIEDMAN, JJ., concur.

Petition granted, respondent disbarred and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.