[822 NYS2d 254]

In the Matter of DOUGLAS TERRY SIMONS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 5, 2006

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Douglas Terry Simons was admitted to the practice of law in the State of New York by the First Judicial Department on March 20, 1995. At all times relevant to this proceeding, respondent lived and maintained an office for the practice of law in North Carolina.

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.3 disbarring respondent predicated upon similar discipline issued by the Council of the North Carolina State Bar (the Council).

Between April 2004 and March 2005, the Council received four complaints against respondent each alleging that he misappropriated client funds. In the wake of the Council's inquiry into the complaints, respondent, pursuant to the applicable North Carolina State Bar rules and regulations, resigned and tendered his license to practice law. In so doing, respondent admitted, among other things, that he had "misappropriated more than $300,000 in client and fiduciary funds to [his] own use over a period of 3 years" and "that [he] presented false documentation and altered bank records showing that [his] trust account balance was $100,000 more than the actual balance to State Bar investigators in response to their requests for information during the investigation into [his] conduct."

Respondent was provided with notice of this proceeding seeking reciprocal discipline yet has submitted no response to the Committee's motion.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Power*, 3 AD3d 21, 23 [2003]).

Here, respondent was provided with ample notice of the disciplinary action and an opportunity to answer the charges of misconduct asserted against him. The findings of misconduct were based on respondent's admissions, and there was no infirmity of proof. Finally, respondent's conduct would constitute misconduct in this state (*see* Code of Professional Responsibility DR 1-102 [a] [4] [lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation]; DR 9-102 [a]

[lawyer must not misappropriate client's funds or property] [22 NYCRR 1200.3, 1200.46]).

Accordingly, the petition for an order pursuant to 22 NYCRR 603.3 should be granted and respondent disbarred and his name stricken from the roll of attorneys, effective immediately.

SAXE, J.P., MARLOW, NARDELLI, CATTERSON and McGUIRE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.