[826 NYS2d 222]

In the Matter of SONIA D. HARRIS (Admitted as SONIA DENISE HARRIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 12, 2006

#### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance by respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Sonia D. Harris was admitted to the practice of

law in the State of New York by the First Judicial Department on December 5, 1988. At all times relevant to this proceeding, respondent maintained an office for the practice of law in the State of New Jersey, where she was admitted to practice law in 1987.

In this reciprocal discipline proceeding, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 disbarring respondent from the practice of law based upon similar discipline imposed upon her by the New Jersey disciplinary authorities, or in the alternative, sanctioning respondent as this Court deems appropriate.

On July 5, 2002, respondent was convicted, after a jury trial in the Superior Court of New Jersey, Union County, of money laundering, conspiracy to commit money laundering, theft by deception, conspiracy to commit theft by deception and misapplication of entrusted property. The convictions arose out of respondent's participation with a coconspirator in a landflipping scheme, which entailed multiple fraudulent real estate and mortgage transactions and the use of her attorney trust account in relation to some of the fraudulently obtained funds. Respondent was sentenced to an 18-year aggregate term of imprisonment, with a four-year parole disqualifier, and ordered to pay restitution of $100,000. On November 29, 2004, the New Jersey Appellate Division affirmed her conviction and on April 8, 2005, the Supreme Court of New Jersey denied a petition for certification. Respondent is currently incarcerated pursuant to this conviction.

On June 17, 2005, the New Jersey Office of Attorney Ethics (OAE) initiated a disciplinary proceeding against respondent and advised her that it was petitioning the Disciplinary Review Board (DRB) to recommend to the Supreme Court that respondent be disbarred based upon her conviction involving the misappropriation of entrusted funds. Respondent defaulted in the proceeding and by report dated October 27, 2005, the DRB recommended that respondent be disbarred based on her knowing misappropriation of funds and her criminal conviction. The DRB's report concluded that respondent had violated Rules of Professional Conduct (RPC) rule 4.1 (false statement of material fact or law to third person); RPC rule 8.4 (b) (criminal act that reflects on a lawyer's honesty, trustworthiness or fitness as a lawyer); and RPC rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation).

By order issued February 15, 2006 (186 NJ 44, 890 A2d 946 [2006]), the New Jersey Supreme Court disbarred respondent

and permanently restrained and enjoined her from practicing law in that state.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3 disbarring respondent based on the doctrine of reciprocal discipline. Rules of this Court (22 NYCRR) § 603.3 (a) provides that any attorney who is subject to the rules and has been disciplined in a foreign jurisdiction "may be disciplined by this Court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction."

Subdivision (c) of section 603.3 affords an attorney disciplined in a foreign jurisdiction only three potential defenses, none of which are applicable here. First, the record discloses that although the New Jersey disciplinary procedures offered respondent adequate notice and an opportunity to be heard, she nevertheless defaulted in those proceedings (22 NYCRR 603.3 [c] [1]). Nor was there an infirmity of proof establishing respondent's misconduct in the foreign jurisdiction, insofar as such proceedings were based on respondent's criminal conviction after a jury trial in New Jersey state court, followed by her unsuccessful appeals (22 NYCRR 603.3 [c] [2]).

Finally, respondent has no legitimate claim that the misconduct for which she was disciplined in New Jersey does not constitute misconduct in New York (22 NYCRR 603.3 [c] [3]. The New Jersey Supreme Court found that respondent had knowingly made a false statement to a third party and engaged in dishonest conduct in violation of RPC rules 4.1 and 8.4 (c). These New Jersey disciplinary rules are analogous to New York's Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33), prohibiting attorneys from knowingly making false statements, and DR 1-102 (a) (4) (22 NYCRR 1200.3), which prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. In addition, the New Jersey court's finding that respondent violated RPC rule 8.4 (b) by committing a criminal act that reflects on a lawyer's honesty, trustworthiness or fitness as a lawyer, is almost identical to the misconduct prohibited by New York's DR 1-102 (a) (3) (prohibiting lawyers from engaging in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer).

Accordingly, in light of the fact that no defense has been asserted due to defendant's default in this proceeding, and the record further demonstrates that no such defense exists under the circumstances, the Committee's petition for reciprocal discipline should be granted.

On the issue of sanction, this Court has consistently adhered to the principle that the jurisdiction where respondent resided and practiced law at the time of the misconduct generally has the greatest interest in the public policy considerations surrounding the attorney discipline process, and great weight should be accorded to the sanction imposed by the state where the charges were originally brought (*Matter of Dranov*, 14 AD3d 156, 163 [2004]). Since no reason is offered to depart from the sanction imposed by New Jersey, and disbarment is consistent with this Court's precedents for similar misconduct (*see e.g. Matter of McCue*, 252 AD2d 343 [1999] [attorney who made false misrepresentations and misappropriated client funds in New Jersey was disbarred under doctrine of reciprocal discipline]; *Matter of Spallino*, 218 AD2d 431 [1996] [attorney who fraudulently misused funds in an escrow account in New Jersey reciprocally disbarred in New York]), we find disbarment to be the appropriate sanction.

Accordingly, the petition for an order pursuant to the doctrine of reciprocal discipline should be granted (*see* 22 NYCRR 603.3), and respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law.

ANDRIAS, J.P., SAXE, FRIEDMAN, GONZALEZ and CATTERSON, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 5, 2005.