[844 NYS2d 197]

In the Matter of Philip G. Gentile (Admitted as Philip Gerard Gentile), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 2, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Philip G. Gentile was admitted to the practice of law in the State of New York by the Third Judicial Department on March 18, 1997. He was also admitted in New Jersey in 1988, and in Pennsylvania. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In a petition dated June 13, 2007, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 disbarring respondent from the practice of law based upon similar discipline imposed upon him by a foreign jurisdiction, or, in the alternative, sanctioning respondent as this Court deems appropriate.

On January 24, 2007, respondent executed a consent to disbarment and submitted it to the New Jersey Office of Attorney Ethics. In an affidavit, respondent acknowledged that he was aware of the charges alleging his knowing misappropriation of funds, and that he could not successfully defend against them. He further stated that he had consulted with counsel, that his consent was freely and voluntarily given and that he was fully aware of the implications of submitting his consent to disbarment.

By order issued February 27, 2007 (*In re Gentile*, 189 NJ 435, 916 A2d 439 [2007]), the New Jersey Supreme Court disbarred respondent by consent from the practice of law, effective immediately, struck his name from the roll of attorneys and permanently restrained and enjoined him from practicing law in that state. Respondent did not notify the Committee of his New Jersey disbarment, as required by 22 NYCRR 603.3 (d), nor has he answered the Committee's inquiries or responded to the instant petition.

This Court's reciprocal discipline rule provides that upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised by a respondent are: (1) a lack of notice constituting a deprivation of due process; (2) an infirmity of proof presented in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in a foreign jurisdiction does not constitute professional misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Burton*, 39 AD3d 46 [2007]; *Matter of Meaden*, 263 AD2d 67 [1999]).

Here, there is no evidence that respondent was denied sufficient notice of the New Jersey charges or an opportunity to answer them. Respondent's admission in his consent to disbarment that he could not successfully defend the charges establishes that no infirmity of proof exists. Finally, respondent's admitted misconduct would clearly constitute professional misconduct in this state (*see Matter of Simons*, 34 AD3d 136, 137-138 [2006]; Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3] [lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation]).

With respect to sanction, this Court has consistently adhered to the principle that the jurisdiction where respondent resided and practiced law at the time of the misconduct generally has the greatest interest in the public policy considerations surrounding the attorney disciplinary process, and great weight should be accorded to the sanction imposed by the State where the charges were originally brought (*Matter of Harris*, 37 AD3d 90, 93 [2006]). We defer to New Jersey's imposition of the sanction of disbarment for respondent's misappropriation of funds, which is also consistent with our precedents (*Matter of Harris*, 37 AD3d at 93).

Accordingly, the petition for an order of reciprocal discipline pursuant to 22 NYCRR 603.3 should be granted and respondent disbarred and his name stricken from the roll of attorneys.

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.