[880 NYS2d 1]

In the Matter of MICHAEL P. RUMORE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 2, 2009

---

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kim Petersen* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

PER CURIAM.

Respondent Michael P. Rumore was admitted to the practice of law in the State of New York by the First Judicial Department on February 6, 1984. He was also admitted in New Jersey in 1984, where he maintained an office for the practice of law.

The Departmental Disciplinary Committee (the Committee) has filed a petition seeking an order pursuant to 22 NYCRR 603.3 disbarring respondent from the practice of law based upon similar discipline imposed upon him by a foreign jurisdiction or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent was served with this motion at his home in New Jersey but has not appeared in this proceeding.

On September 4, 2008, respondent executed a consent to disbarment and submitted it to the New Jersey Office of Attorney Ethics. In an affidavit, respondent acknowledged that he was aware of the charges alleging his knowing misappropriation of client trust funds, that the allegations were true and that he could not successfully defend against them. He further stated that he had consulted with counsel, that his consent was freely and voluntarily given and that he was fully aware of the implications of submitting his consent to disbarment.

The Committee has provided a copy of an affidavit from one of Mr. Rumore's clients that attests that respondent failed to

turn over proceeds from a real estate transaction to the client following a closing. It was this misappropriation of funds that led to respondent's consent to disbarment in New Jersey.

By order entered September 11, 2008 (197 NJ 27, 961 A2d 699 [2008]), the New Jersey Supreme Court disbarred respondent by consent from the practice of law, effective immediately, struck his name from the rolls and permanently restrained and enjoined him from practicing law in that state. Respondent did not notify the Committee of his New Jersey disbarment as 22 NYCRR 603.3 (d) requires, nor has he responded to this petition.

The Committee now seeks the same relief that the Supreme Court of New Jersey imposed based upon the doctrine of reciprocal discipline (22 NYCRR 603.3). This Court's reciprocal discipline rule provides that upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised are: (1) a lack of notice and an opportunity to be heard; (2) an infirmity of proof presented in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in a foreign jurisdiction does not constitute professional misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Burton*, 39 AD3d 46 [2007], *lv denied* 9 NY3d 818 [2008]; *Matter of Meaden*, 263 AD2d 67 [1999]).

Here, there is no evidence that respondent failed to receive sufficient notice of the New Jersey charges or an opportunity to answer them. Respondent's admission in his consent to disbarment that he could not successfully defend the charges establishes that no infirmity of proof exists. Lastly, respondent's admitted misconduct would clearly constitute professional misconduct in New York (*see Matter of Gentile*, 46 AD3d 53 [2007] [reciprocal disbarment imposed where attorney consented to disbarment in New Jersey based on his knowing misappropriation of funds]; *see also Matter of Vogel*, 282 AD2d 160 [2001] [reciprocal disbarment imposed where attorney consented to disbarment in New Jersey based upon his intentional conversion of client funds]).

With regard to sanction, this Court has consistently adhered to the principle that the jurisdiction where respondent resided and practiced law at the time of the misconduct has the greatest interest in the public policy considerations surrounding the attorney disciplinary process, and great weight should be accorded to the sanction the state where the charges were initially brought imposes (*see Matter of Harris*, 37 AD3d 90 [2006]; *Mat-*

*ter of Dranov*, 14 AD3d 156 [2004]). As no reason has been offered to depart from the sanction New Jersey imposed and as disbarment is consistent with this Court's precedent's for similar intentional misconduct (*see e.g. Matter of Sheehan*, 48 AD3d 163 [2007]; *Matter of Kohn*, 31 AD3d 203 [2006]), reciprocal discipline is appropriate.

Accordingly, the Committee's petition pursuant to 22 NYCRR 603.3 for reciprocal discipline should be granted, respondent disbarred and his name stricken from the roll of attorneys in New York State.

TOM, J.P., ANDRIAS, NARDELLI, CATTERSON and MOSKOWITZ, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.