[901 NYS2d 211]

In the Matter of KURT G. LIGOS, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 13, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Kurt G. Ligos was admitted to the practice of law in the State of New York by the First Judicial Department on August 4, 1997. He was previously admitted to practice in the State of New Jersey in 1996 (where he resides and practiced law).*

By order entered November 10, 2009 (70 AD3d 132 [2009]), this Court suspended respondent as a result of his failure to register with the Office of Court Administration since the biennial period 1999-2000, violating Judiciary Law § 468-a. The Departmental Disciplinary Committee (Committee) now seeks an order, pursuant to 22 NYCRR 603.3, disbarring respondent, predicated upon similar discipline imposed by the Supreme Court of New Jersey (*see Matter of Ligos*, 200 NJ 280, 980 A2d 485 [2009]).

On September 16, 2009, respondent executed a consent to disbarment and submitted it to the New Jersey Office of Attorney Ethics. In this sworn consent, respondent stated that he was aware that there was a pending investigation against him in which he was charged with the knowing misappropriation of client trust funds/escrow funds/fiduciary funds. Further, respondent acknowledged "that these allegations are true and if [he] went to a hearing on this matter, [he] could not successfully defend himself against those charges." Finally, respondent averred the following:

> "I am consenting to disbarment with the understanding that, although this document will become a matter of public record if accepted by the Court, it may not be entered into evidence in any legal proceeding as an admission or as giving rise to an inference of wrong doing, *other than in a disciplinary or Lawyer's Fund for Client Protection proceeding in this or any other jurisdiction*" (emphasis added).

On October 15, 2009, the Supreme Court of New Jersey issued its order disbarring respondent from the practice of law effective immediately (*Matter of Ligos, supra*). This order provides the basis of the Committee's reciprocal discipline petition.

Now, in seeking an order pursuant to 22 NYCRR 603.3, the Committee correctly argues that respondent is precluded from

---

* Respondent pro se has not appeared in this proceeding.

raising any defenses except that: (1) there was a lack of notice or opportunity to be heard constituting a deprivation of due process; (2) there was an infirmity of proof presented to the foreign jurisdiction; or (3) that the conduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction (*see* 22 NYCRR 603.3 [c]; *Matter of Ball*, 69 AD3d 149 [2009]; *Matter of Rogge*, 51 AD3d 367 [2008]; *Matter of Glatman*, 47 AD3d 230 [2007]). Respondent has been properly served but has not replied to the petition.

A review of the petition and its annexed exhibits establishes that respondent was afforded due process and there was sufficient evidence to establish his misconduct. Respondent's admission in his consent to disbarment that he could not successfully defend against the charges establishes that no infirmity of proof exists. Furthermore, respondent's admitted misconduct of knowingly misappropriating client/fiduciary funds in his possession would clearly constitute misconduct in New York (*see Matter of Rumore*, 63 AD3d 1 [2009] [reciprocal discipline imposed where attorney consented to disbarment in New Jersey based upon his knowing misappropriation of funds]; *Matter of Gentile*, 46 AD3d 53 [2007] [same consent to disbarment in New Jersey and misconduct]; *Matter of Vogel*, 282 AD2d 160 [2001] [same]).

Accordingly, as no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline should be granted. As to the appropriate sanction, it is generally accepted that the state where an attorney lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*see Ball*, 69 AD3d at 152; *Rumore*, 63 AD3d at 3; *Matter of Dranov*, 14 AD3d 156, 163 [2004]). Therefore, great weight should be accorded to the sanction administered by the state where the charges were originally brought (*Gentile*, 46 AD3d at 55; *Matter of Harris*, 37 AD3d 90, 93 [2006]).

In this matter, New Jersey disbarred respondent from the practice of law. As no reason has been offered to depart from the sanction New Jersey imposed, and as disbarment is consistent with this Court's precedent for similar misconduct (*see e.g. Matter of Crescenzi*, 51 AD3d 230 [2008]; *Matter of Sheehan*, 48 AD3d 163 [2007]), reciprocal discipline is appropriate and is squarely in accord with this Court's precedent on matters

involving identical proceedings from New Jersey as the instant one (*see Rumore* at 4; *Gentile* at 55).

Accordingly, the petition for an order pursuant to the doctrine of reciprocal discipline should be granted (*see* 22 NYCRR 603.3), and respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law.

SAXE, J.P., CATTERSON, MOSKOWITZ, FREEDMAN and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors at law in the State of New York, effective the date hereof.