[912 NYS2d 22]

In the Matter of LOREN K. ROBINSON (Admitted as LOREN KELLY ROBINSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Angela Christmas* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Loren Kelly Robinson was admitted to the practice of law in the State of New York by the First Judicial Department on November 21, 2003. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department. She is currently delinquent in her Office of Court Administration attorney registration. Respondent was admitted to the New Jersey bar in 2001.

The Departmental Disciplinary Committee is now seeking an order pursuant to 22 NYCRR 603.3, disbarring respondent from the practice of law based upon similar discipline imposed upon her by a foreign jurisdiction or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has not appeared in this proceeding.

On February 5, 2009, respondent was temporarily suspended from the practice of law by the Supreme Court of New Jersey (198 NJ 1, 965 A2d 112 [2009]) for failure to cooperate with an investigation by the Office of Attorney Ethics.

On April 6, 2009, the Office of Attorney Ethics mailed a copy of a complaint by regular and certified mail to respondent's home address in New Jersey and her work address at a Manhattan law firm charging respondent with violating New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.15 (c) (failure to safeguard funds—use of clients' funds without their knowledge and consent), rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and rule 8.1 (b) (failure to cooperate with ethics authorities). A certified mail receipt was signed and returned showing delivery to the New York address, and both mail deliveries were not returned. The certified mail sent to respondent's home address was returned marked "unclaimed." Respondent did not answer that complaint. A second letter sent on May 6, 2009, advising respondent that if she did not file and answer within five days the allegations in the complaint would be deemed admitted, produced the same results.

The facts in the complaint established that respondent was retained by the administratrix of an estate to sell decedent's residence and that upon selling the property on May 29, 2007, respondent, as escrow agent, deposited a total of $537,512.91 into her attorney trust account to be held until the title company was satisfied that taxes had been paid. However, between April 11, 2007 and October 20, 2008 respondent trans-

ferred a total of $37,560 from her attorney trust account to her personal checking account without her client's knowledge. By June 2008, all taxes relating to the property had been paid and $537,512.91 should have been released to the administratrix but respondent was only able to send $500,000. She lied saying the title company held the balance. On or about October 22, 2008, respondent e-mailed the administratrix telling her that the balance was forthcoming, but no check arrived. On November 18, 2008 respondent mailed a check, but the amount was left blank. On December 15, 2008, respondent sent a check for $30,000 which was dishonored for insufficient funds despite respondent having deposited $26,954.61 in personal funds into the account two weeks earlier.

The Disciplinary Review Board found that respondent "misappropriated client trust funds by transferring them to her personal checking account . . . and then using those funds for her personal expenses" in violation of RPC rules 1.15 (c) and 8.4 (c) that she made misrepresentations to the administratrix about who held the funds in violation of RPC rule 8.4 (c), and that respondent violated RPC rule 8.1 (b) by not responding to or cooperating with ethics authorities. On January 14, 2010, the Supreme Court of New Jersey ordered respondent's immediate disbarment (200 NJ 577, 985 A2d 1238 [2010]). Respondent did not notify this Court that she had been disbarred in contravention of 22 NYCRR 603.3 (d). New Jersey advised the Departmental Disciplinary Committee.

The Disciplinary Committee now seeks disbarment based upon the doctrine of reciprocal discipline pursuant to 22 NYCRR 603.3.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

> "(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

> "(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

> "(3) that the misconduct for which the attorney was

disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

The Committee contends that none of the defenses set forth in 22 NYCRR 603.3 (c) (1), (2) or (3) apply. Respondent was duly notified of these proceedings, the New Jersey Supreme Court's findings of misconduct are supported by the record, and the misconduct for which respondent was disciplined in New Jersey constitutes misconduct in New York. The failure to safeguard funds in violation of New Jersey Rules of Professional Conduct rule 1.15 is analogous to New York Lawyer's Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). RPC rule 8.4 (c) is equivalent to DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and RPC rule 8.1 (b) is similar to 22 NYCRR 603.4 (e) (1) (i).

Consistent with the principle generally accepted by this Court, we accord significant weight to the sanction imposed by the jurisdiction in which the misconduct occurred (*see Matter of Supino*, 23 AD3d 11 [2005]; *Matter of Power*, 3 AD3d 21 [2003]). Moreover, we have disbarred attorneys for similar conduct (*see Matter of Weinstein*, 4 AD3d 29 [2004], *lv denied* 3 NY3d 608 [2004]; *see also Matter of Rumore*, 63 AD3d 1 [2009]).

Accordingly, the Committee's petition should be granted, respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York.

SAXE, J.P., NARDELLI, MCGUIRE, FREEDMAN and ABDUS-SALAAM, JJ.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.