[934 NYS2d 117]

In the Matter of BRUCE D. HERSH (Admitted as BRUCE DAVID HERSH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 29, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Bruce D. Hersh was admitted to the practice of law in the State of New York by the First Judicial Department on October 5, 1981. He was also admitted in New Jersey in 1981, where he resides. He does not maintain an office for the practice of law in New York.

The Departmental Disciplinary Committee (Committee) seeks an order pursuant to 22 NYCRR 603.3 disbarring respondent from the practice of law based upon similar discipline imposed upon him by the State of New Jersey, or, in the alternative, sanctioning respondent as this Court deems appropriate.

On November 30, 2010, respondent executed a consent to disbarment and submitted it to the New Jersey Office of Attorney Ethics. In the disbarment by consent, respondent acknowledged that he was aware of the charges alleging his knowing misappropriation of client trust funds, that the allegations were true, and that he could not successfully defend against them. He further stated that he had consulted with counsel, that his consent was freely and voluntarily given and that he was fully aware of the implications of submitting his consent to disbarment.

By order entered December 10, 2010 (204 NJ 284, 8 A3d 236 [2010]), the New Jersey Supreme Court disbarred respondent by consent from the practice of law, effective immediately, struck his name from the roll of attorneys and permanently restrained and enjoined him from practicing law in that state. By order dated February 14, 2011, effective March 11, 2011, the United States District Court for the Southern District of New York disbarred respondent based upon his New Jersey disbarment.

Upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised are: (1) a lack of notice and an opportunity to be heard; (2) an infirmity of proof presented in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in a foreign jurisdiction does not constitute professional misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Burton*, 39 AD3d 46 [2007], *lv denied* 9 NY3d 818 [2008]; *Matter of Meaden*, 263 AD2d 67 [1999]).

Here, there is no evidence that respondent failed to receive sufficient notice of the New Jersey charges or an opportunity to

answer them. Respondent's admission in his consent to disbarment that he could not successfully defend the charges establishes that no infirmity of proof exists. Lastly, respondent's admitted misconduct would constitute professional misconduct in New York (*see Matter of Ligos*, 75 AD3d 78 [2010] [reciprocal disbarment imposed where attorney consented to disbarment in New Jersey based on his knowing misappropriation of funds]; *Matter of Gentile*, 46 AD3d 53 [2007] [same]; *Matter of Vogel*, 282 AD2d 160 [2001] [reciprocal disbarment imposed where attorney consented to disbarment in New Jersey based upon his intentional conversion of client funds]).

The jurisdiction where respondent resided at the time of the misconduct has the greatest interest in the public policy considerations surrounding the attorney disciplinary process and great weight should be accorded to the sanction imposed by the state where the charges were initially brought (*see Ligos*, 75 AD3d at 80; *Matter of Stahl*, 72 AD3d 218, 227 [2010]; *Matter of Harris*, 37 AD3d 90, 93 [2006]; *Matter of Dranov*, 14 AD3d 156, 163 [2004]). Since no reason has been offered to depart from the sanction imposed by New Jersey, and disbarment is consistent with this Court's precedent for similar intentional misconduct (*see e.g. Matter of Sheehan*, 48 AD3d 163 [2007]; *Matter of Kohn*, 31 AD3d 203 [2006]), reciprocal discipline is appropriate.

Accordingly, the Committee's petition for an order pursuant to reciprocal discipline (22 NYCRR 603.3) should be granted, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law.

FREEDMAN, J.P., RICHTER, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.