[939 NYS2d 859]

In the Matter of BERNARD J. WILLIAMS (Admitted as BERNARD JOHN WILLIAMS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 20, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Bernard J. Williams was admitted to the practice of law in the State of New York by the First Judicial Department on January 18, 1982, under the name Bernard John Williams. Respondent does not maintain an office for the practice of law within this state.

Respondent is currently suspended from the practice of law in this state for failure to register with the Office of Court Administration and pay the requisite registration fees for five consecutive biennial periods between 2002 and 2010 (Judiciary Law § 468-a).

By order of January 7, 2011, the Supreme Court of Louisiana suspended respondent from the practice of law for three years,* 18 months of which was deferred (*see Matter of Williams*, 52 So 3d 864 [La 2011]). The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3, imposing a reciprocal suspension on respondent predicated upon the Louisiana order, or for a sanction that this Court deems appropriate.

The disciplinary proceeding in Louisiana arose out of five client complaints, as well as respondent's 2007 conviction for cocaine possession. Three client complaints were based on the failure to return an unearned fee, one was based on his secretary's misappropriation of a settlement payment received on behalf of a client, and one was based on respondent's solicitation of a $15,000 loan from an elderly former client, which respondent improperly portrayed to her as an investment and ownership interest in his law practice.

Pursuant to 22 NYCRR 603.3 (c), upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised by the respondent in opposition to a reciprocal discipline application are: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Hoffman*, 34 AD3d 1 [2006]). A review of the record

---

* He was already ineligible to practice law since September 11, 2006 based on his failure to pay his bar dues and the disciplinary assessment, and his failure to file the requisite trust account disclosure form.

establishes that respondent was afforded due process, that sufficient evidence established his misconduct, and that the conduct for which respondent was disciplined in Louisiana constitutes violations of parallel provisions in this state (*see* former Code of Professional Responsibility DR 6-101 [a] [3]; DR 2-106 [a]; DR 1-102 [a] [3] [22 NYCRR 1200.30 (a) (3); 1200.11 (a); 1200.3 (a) (3)]). The imposition of reciprocal discipline is therefore appropriate.

In deciding on the appropriate sanction in reciprocal discipline matters, it is generally accepted that the state where the misconduct occurred has the greatest interest in the sanction imposed (*see Matter of Milchman*, 37 AD3d 77 [2006]), and that great weight should be accorded to the sanction administered by the state where the charges were originally brought (*see Matter of Gentile*, 46 AD3d 53 [2007]; *Matter of Harris*, 37 AD3d 90 [2006]).

Louisiana's three-year suspension included an 18-month deferral. We reject the Committee's argument that since our rules do not provide for a deferral, this Court should suspend respondent for the full three years, which would effectively constitute a far longer suspension than that imposed in Louisiana.

Accordingly, the petition should be granted to the extent that respondent is suspended from the practice of law in the State of New York for a period of 18 months, effective immediately, and until further order of this Court.

Gonzalez, P.J., Tom, Andrias, Saxe and Sweeny, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 18 months, effective the date hereof and until further order of this Court.