[26 NYS3d 55]

In the Matter of Francis O. Obi (Admitted as Francis Ogochukwuka Obi), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, February 25, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Francis O. Obi*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent, Francis O. Obi, was admitted to the practice of law in the State of New York by the First Judicial Department on August 10, 1992, under the name Francis Ogochukwuka Obi. He was also admitted to practice in New Jersey in 1991, where he formerly maintained a registered office for the practice of law.

By order entered November 20, 2013, this Court suspended respondent from the practice of law, pursuant to Judiciary Law §§ 90 (2) and 468-a, as part of a "mass suspension," for failing to register with the Office of Court Administration and pay attorney registration fees dating back to 2006. He has not sought reinstatement in New York.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, disbarring respondent from the practice of law based upon similar discipline imposed upon him by the State of New Jersey, or, in the alternative, sanctioning respondent as this Court deems appropriate.

In 2011, the New Jersey Office of Attorney Ethics (OAE) charged respondent with, inter alia, violating New Jersey Rules of Professional Conduct (RPC) rules 1.15 (a) (knowing misappropriation of and failure to safeguard client funds) and (c) (failure to segregate personal and escrow funds), 8.1 (b) (failure to respond to the OAE's lawful demands for trust account records) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation). In his answer, respondent admitted most of the material facts alleged by the OAE but denied the charges.

A hearing on the charges was held before a Special Ethics Master. Respondent did not appear at the hearing personally or telephonically although given the opportunity to do so, and despite being given clear notification that the hearing would proceed if he did not submit his consent to disbarment in a

form acceptable to the OAE, or medical evidence as to why he could not appear. The testimonial and documentary evidence submitted during the hearing established the following facts. In or about 2007, American Asset Finance, LLC (American Asset) entered into an assignment of interest in settlement and limited irrevocable power of attorney with respondent whereby the company obtained assignment of respondent's fee interest in an employment discrimination and wrongful discharge action entitled *Adeusi v Milford Plaza Hotel*, which had been commenced in the U.S. District Court for the Southern District of New York; respondent represented the plaintiff. At the time respondent entered into the agreement, a $40,000 settlement had been reached in the *Adeusi* action, and respondent had a claim for $18,051 for his legal fee and disbursements. Under the terms of the agreement, respondent assigned this claim to American Asset in exchange for an advance of approximately $15,000, which he agreed to repay within five days after he received the settlement funds. Respondent also agreed that he would act as American Asset's agent and fiduciary and hold the settlement funds in trust.

In July 2007, American Asset wired a $14,980 advance to respondent. On or about July 31, 2007, respondent received *Adeusi's* settlement funds, which he deposited into his trust account. American Asset attempted to contact respondent several times when it received no check from him. Respondent made excuses as to why he had not sent a check, and, as late as January 2008, he sent written assurance that he would be sending a check for the amount owed. In June 2008, American Asset commenced an action against respondent in New Jersey Superior Court and ultimately obtained a default judgment against him in the amount of $26,244.90. To date, respondent has paid American Asset $1,250, which amount was paid only *after* litigation had been commenced.

The OAE auditor discovered that subsequent to respondent's receipt of the $40,000 settlement in the *Adeusi* matter, between August and December 2007, respondent repeatedly invaded the portion of the settlement funds he was obligated to maintain intact on behalf of American Asset by, among other things, making cash withdrawals and issuing escrow checks payable to himself. During the course of the audit, respondent admitted using American Asset's share of the settlement proceeds for his own personal use without authorization from American Asset.

In support of the charges that respondent failed to maintain required trust account records and failed to cooperate with the audit, the OAE auditor testified that respondent left the country when the OAE audit was originally scheduled, and, while he supplied some records, he failed to provide other requested records.

The Special Ethics Master found that respondent had knowingly misappropriated and failed to promptly disburse third-party funds (RPC rule 1.15 [a], [b]), failed to respond to the OAE's lawful demands for specific account records (RPC rule 8.1 [b]), and had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (RPC rule 8.4 [c]). However, the Special Master did not sustain the charge that respondent failed to maintain records in violation of RPC rule 1.15 (d). The Special Master recommended that respondent be disbarred.

Following a de novo review of the record, the New Jersey Disciplinary Review Board (DRB) confirmed the Special Master's misconduct findings and his disbarment recommendation. However, the DRB modified the Special Master's finding as to the inadequate recordkeeping charge, and sustained this charge. In addition, as for the charge that respondent failed to segregate personal and third-party funds in violation of RPC rule 1.15 (c), which the Special Master did not address, the DRB dismissed this charge because it was not clear from the record as to when American Asset filed suit against respondent, and when respondent disbursed American Asset's funds to himself. Nonetheless, this did not alter the DRB's conclusion that respondent should be disbarred.

By order filed June 7, 2013, the Supreme Court of New Jersey confirmed the DRB's findings and disbarred respondent (214 NJ 4, 66 A3d 1268 [2013]).

The Committee now seeks the same relief that the Supreme Court of New Jersey imposed based upon the doctrine of reciprocal discipline (22 NYCRR 603.3). This Court's reciprocal discipline rule provides that upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised are: (1) a lack of notice and an opportunity to be heard; (2) an infirmity of proof presented in the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in a foreign jurisdiction does not constitute professional misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Ligos*, 75 AD3d 78 [1st Dept 2010]).

Even though respondent, pro se, has not appeared in this proceeding and has not asserted a defense under 22 NYCRR

603.3 (c), none apply. There is no evidence that respondent failed to receive sufficient notice of the New Jersey charges or an opportunity to answer them. Respondent received notice of the charges against him and submitted an answer. Further, he was advised of the Special Master hearing, and permitted to appear either in person or by telephone but failed to do so; and, represented by counsel, he orally argued before the DRB. In addition, the record, which includes respondent's admissions in his answer and to the OAE auditor, amply supports the DRB's and the New Jersey Supreme Court's misconduct findings.

Finally, the actions for which respondent was disciplined in New Jersey would constitute misconduct in New York as they correspond to several provisions of the New York Rules of Professional Conduct (22 NYCRR 1200.0), namely, rules 1.15 (a) and 8.4 (c) (intentional conversion) and 1.15 (c) (4) (failure to promptly deliver third-party funds) and (d) (failure to keep required records).

Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed. As a general rule in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]).

This Court has consistently disbarred attorneys who intentionally convert client or third-party funds, and, thus, the sanction imposed in New Jersey is consistent with this Court's precedent (see e.g. *Matter of Livingston*, 133 AD3d 1 [1st Dept 2015] [reciprocal disbarment based on disbarment in New Jersey for knowing misappropriation of client funds, failure to maintain required account records, and failure to respond to OAE's lawful demands for account records]; *Matter of Escalante*, 127 AD3d 37 [1st Dept 2015] [disbarred for, inter alia, intentional conversion of third-party funds, failure to maintain required account records, and failure to produce account records subpoenaed by the Committee]; *Matter of Kennedy*, 99 AD3d 75 [1st Dept 2012] [disbarred for, inter alia, intentional conversion of third-party funds, failure to maintain required account records, and failure to provide the Committee with requested records]).

Accordingly, the Committee's petition for an order pursuant to reciprocal discipline (22 NYCRR 603.3) should be granted,

and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.

Tom, J.P., Friedman, Saxe, Richter and Kapnick, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.