[33 NYS3d 20]

In the Matter of GREGORY A. MARTIN (Admitted as GREGORY ALAN MARTIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 26, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Gregory A. Martin*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Gregory A. Martin was admitted to the practice of law in the State of New York by the First Judicial Department on May 15, 1978, under the name Gregory Alan Martin.* Respondent was previously admitted to practice law in the State of Florida in or around 1981. Respondent does not maintain an office for the practice of law within this state.

Respondent is currently suspended from the practice of law in this state for failure to register with the Office of Court Administration and pay the requisite biennial registration fees since the 1990-1991 registration period (Judiciary Law § 468-a).

By order of June 17, 2014, the Supreme Court of Florida permanently disbarred respondent from the practice of law (*see Florida Bar v Martin*, 147 So 3d 529 [Fla Sup Ct 2014]). The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline and disbarment of respondent predicated upon the Florida order.

The Florida Supreme Court's disbarment is based on two separate disciplinary proceedings that were consolidated. The first disciplinary proceeding arose out of allegations that respondent violated the terms of his employment and engaged in escrow-related misconduct. Regarding respondent's breach of his employment agreement, the law firm where respondent worked complained that respondent maintained clients separate from the law firm, and received approximately $100,000 in legal fees, which respondent failed to share with the law firm. The escrow-related charges arose out of four complaints that respondent, as his client's escrow agent, failed to preserve the complainants' funds during the relevant time period. The second disciplinary proceeding in Florida arose out of three transactions in which respondent agreed to act as an escrow agent. In all three transactions, respondent intentionally misappropriated third-party funds by disbursing the funds to parties unrelated to the intended transaction.

Pursuant to 22 NYCRR 603.3 (c), upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction,

---

* Respondent, pro se, has not appeared in this proceeding.

the only defenses that may be raised by a respondent in opposition to a reciprocal discipline application are: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]). A review of the record establishes that respondent was afforded due process, that sufficient evidence established his misconduct, and that the conduct for which respondent was disciplined in Florida constitutes violations of parallel provisions in this state (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a], [c]; 3.3 [a] [1]; 8.4 [a], [c]). The imposition of reciprocal discipline is therefore appropriate.

Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed. In deciding on the appropriate sanction in reciprocal discipline matters, it is generally accepted that the state where an attorney lived and practiced law at the time of the offense has the greatest interest in the matter (*see Matter of Milchman*, 37 AD3d 77, 79 [1st Dept 2006]), and that great weight should be accorded to the sanction administered by the state where the charges were originally brought (*see Matter of Gentile*, 46 AD3d 53, 55 [1st Dept 2007]; *Matter of Harris*, 37 AD3d 90, 93 [1st Dept 2006]).

This Court has consistently disbarred attorneys who intentionally convert client or third-party funds, and thus, the sanction imposed in Florida is consistent with this Court's precedent (*see e.g. Matter of Livingston*, 133 AD3d 1 [1st Dept 2015] [reciprocal disbarment based on disbarment in New Jersey for, inter alia, knowing misappropriation of client funds]; *Matter of Escalante*, 127 AD3d 37 [1st Dept 2015] [disbarred for, inter alia, intentional conversion of third-party funds]; *Matter of Kennedy*, 99 AD3d 75 [1st Dept 2012] [disbarred for, inter alia, intentional conversion of third-party funds]; *Matter of Johnson*, 94 AD3d 157 [1st Dept 2012] [reciprocal disbarment based on disbarment in Utah for intentional misappropriation of client funds]; *Matter of Hersh*, 91 AD3d 144 [1st Dept 2011] [reciprocal disbarment based on disbarment on consent in New Jersey for knowing misappropriation of client funds]; *Matter of Ligos*, 75 AD3d 78 [1st Dept 2010] [same]).

Earlier this year, this Court imposed a reciprocal disbarment on an attorney who had been disbarred in Florida for engaging in fraudulent conduct in violation of several of Florida's

disciplinary rules, including two of which were found to have been violated by the attorney in this proceeding, namely, Florida Rules of Professional Conduct rules 4-4.1 (a) (prohibiting knowingly making a false statement of material fact or law to a third person) and 4-8.4 (c) (prohibiting engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) (*Matter of Jean-Pierre*, 136 AD3d 88 [1st Dept 2016]).

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

FRIEDMAN, J.P., SWEENY, SAXE, RICHTER and KAHN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.