Matter of Desir (2018 NY Slip Op 03467)





Matter of Desir


2018 NY Slip Op 03467


Decided on May 10, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,Justice Presiding,
Rosalyn H. Richter
Sallie Manzanet-Daniels
Richard T. Andrias
Ellen Gesmer, Justices.


&em;

[*1]In the Matter of Mirta Desir, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mirta Desir, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mirta Desir, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on February 18, 2010.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Mirta Desir was admitted to the practice of law in the State of New York by the Third Judicial Department on February 18, 2010. At all times relevant herein, respondent has maintained a business office within the First Department.
By order entered May 11, 2017, respondent was disbarred by the Supreme Court of Florida for, inter alia, intentional conversion of client funds.
The Attorney Grievance Committee (Committee) seeks an order pursuant to Judiciary Law § 90(2), of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, disciplining respondent predicated upon the discipline imposed by the Supreme Court of Florida, or in the alternative, disbarring respondent or imposing such sanction as this Court deems appropriate. Respondent was served with the motion, but has not submitted a response.
Respondent was provided with sufficient notice and an opportunity to be heard in the Florida proceeding. The findings of misconduct made by the Referee and the Supreme Court of Florida were supported by the record, and the misconduct for which respondent was disciplined in Florida would constitute misconduct in New York in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a) (failure to act with reasonable diligence and promptness); 1.4(a) (failure to communicate); 1.4(b) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions concerning representation); 1.5(a) (excessive fee); 1.15(a) (misappropriation of client/third-party funds); 3.1 (frivolous litigation); 1.16(e) (upon termination of representation, a lawyer is to take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client); 8.4(a) (violation or attempt to violate the Rules of Professional Conduct); 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and 8.4(d) (conduct prejudicial to the administration of justice).
Respondent was found guilty of, inter alia, neglect, failure to pay an arbitration award to a client, failure to return an unearned fee, as well as intentional conversion of client funds, for which this Court has consistently imposed the sanction of disbarment, absent "extremely unusual mitigating circumstances," of which there is no evidence in the case at bar (Matter of Ballner, 140 AD3d 115, 118 [1st Dept 2016] [internal quotation marks omitted]; see Matter of Babalola, 139 AD3d 61 [1st Dept 2016]). This Court will impose a sanction commensurate with that imposed by the Supreme Court of Florida and disbar respondent (see e.g. Matter of Martin, 141 AD3d 77 [1st Dept 2016] [reciprocal disbarment based on disbarment in Florida for, inter alia, intentional misappropriation of escrow funds]).
Accordingly, the Committee's motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, disbarring respondent from the practice of law, and striking her name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 11, 2017.
All concur.
Order filed. [May 10, 2018]
Motion is granted to the extent of imposing reciprocal discipline, and respondent is disbarred and her name stricken from the roll of attorneys and counselors at law in the State of New York, effective nunc pro tunc to May 11, 2017.