[760 NYS2d 492]

In the Matter of BARBARA S. SHEA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 10, 2003

### APPEARANCES OF COUNSEL

*Christine C. Anderson* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Paul Martin Weltz* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Barbara S. Shea was admitted to the practice of

law in New York by the First Judicial Department on March 23, 1987. She was also admitted to the practice of law in Connecticut, where she has maintained an office for the practice of law.

The Departmental Disciplinary Committee seeks an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3, suspending respondent from the practice of law for four months, predicated upon similar disciplinary sanction imposed on October 10, 2001, by the Connecticut Superior Court, Judicial District of Stamford/Norwalk, effective October 30, 2001, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent indicates that she consents to suspension to the extent that it is concurrent with that imposed by Connecticut.

Respondent represented one of the parties in a matrimonial action in Connecticut. She was suspended in Connecticut for having accepted personal property from her client, which was to be held in escrow, but which she thereafter sold, purportedly to satisfy outstanding legal fees. As the Connecticut court in the disciplinary proceeding noted, the term "escrow" was not defined, nor did the agreement give respondent authority to sell these items of personal property. The client had also provided significant sums of cash as a retainer. The disciplinary proceeding was commenced upon complaint by opposing matrimonial counsel due to respondent's failure to produce certain of this property pursuant to court order.

Respondent and her client subsequently disputed the understanding between them regarding the safeguarding of these items of personal property. They also sharply disputed the value of the items, including a Faberge dessert service, as did the opposing spouse, who was awarded the Faberge dessert service in the matrimonial action. The Connecticut court in the disciplinary proceeding found that respondent violated Connecticut Rules of Professional Conduct (CRPC) rules 1.8 and 1.15 by doing so. CRPC 1.8 prohibits a lawyer from entering a business transaction with a client or knowingly acquiring an ownership, possessory, security or other pecuniary interest adverse to a client unless certain criteria are satisfied. The Connecticut court in the disciplinary proceeding found that respondent violated this provision by failing to clarify and fully disclose the terms of the transaction, by failing to specify what she meant by "escrow," which an ordinary person would not assume contemplated the sale of the escrowed property, and by failing to advise the client in writing of the impending sale,

which was done without the client's written consent and without an opportunity to seek the advice of an independent attorney in this regard. Parenthetically, respondent asserted that she had provided written notice to her client that the property would be sold to satisfy fee obligations, though the client claimed never to have received this letter. Moreover, the court found, the agreement, such as it was, would be construed against the attorney-draftsman. CRPC 1.15 (a) requires segregation of a client's property from counsel's property, and rule 1.15 (b) requires counsel to promptly deliver such property upon demand to a client or third party being entitled to receive such property. The court in the disciplinary proceeding also found a violation of CRPC 1.15 arising from respondent's violation of an order of the matrimonial court to produce the Faberge dessert service and other property. In the matrimonial action, respondent and her client, in response to an amended request for production of certain items of personal property, stipulated to produce such property and certain documents. The stipulation subsequently was incorporated into a court order. Respondent's sale of some of the property, meant that she no longer had it in her possession to produce, resulting in a violation of the court order as to this property; certain other items, in fact, were produced. The violation of the order also was found to constitute a violation of CRPC 3.4.

After the conclusion of the disciplinary proceedings, of which respondent had notice and in which she participated pro se, the Connecticut court found that respondent had committed professional misconduct and suspended her for four months, effective October 30, 2001 until February 28, 2002, and directed that she pass the Professional Responsibility portion of the bar examination as a condition precedent to her reinstatement. Among its findings in support of the particular sanction, the Connecticut court noted that respondent had been previously sanctioned and ordered to make restitution to a client, that she had been selfishly motivated in the present matter, and that she had been a member of the bar in excess of 15 years. That order forms the basis of the present petition for reciprocal discipline.

In the present petition, the Departmental Disciplinary Committee contends that respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c). That section provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are, in sum and substance, that the foreign forum deprived the respondent of adequate notice and

an opportunity to be heard, constituting a violation of due process; that the proof establishing the misconduct was so infirm as to effectively preclude us from accepting the foreign forum's finding as final; and that the misconduct on which the foreign proceeding was based would not constitute misconduct in New York. On the record before us, we find no violation of due process, the proof of misconduct was clearly adequate to support the findings, and that same conduct would support misconduct charges under New York law. More specifically, respondent's failure to safeguard the client's property in her possession would have violated Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46; *Matter of Weidlich*, 200 AD2d 123 [1994] [Connecticut attorney's failure to safeguard client funds]), and her failure to promptly deliver the property, upon demand, to the client or a third party entitled to receive the property would have violated DR 9-102 (c). With regard to the particular sanction, in view of Connecticut's strong interest in adjudicating this issue, insofar as it is the state where respondent practiced law and where the misconduct occurred (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]), we concur with the Departmental Disciplinary Committee that a reciprocal four month suspension is appropriate.

Accordingly, the petition should be granted and respondent suspended for the practice of law in the State of New York for a period of four months, nunc pro tunc to October 30, 2001, and until further order of this Court.

NARDELLI, J.P., TOM, ANDRIAS, SAXE and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of four months, effective nunc pro tunc to October 30, 2001, and until the further order of this Court.