[826 NYS2d 413]

In the Matter of GLENN J. RUSHIN (Admitted as GLENN JOSEPH RUSHIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 12, 2006

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The State Bar District No. 04D of the State Bar of Texas issued a default order of disbarment, entered July 8, 1998, against the respondent for violating rule 2.16 (B) of the Texas Rules of Disciplinary Procedure. The Texas order is based upon the findings of fact and conclusions of law of the evidentiary panel for the State Bar District No. 04D of the State Bar of Texas.

The essence of the Texas complaint is that on or about February 23, 1995, the respondent accepted employment to seek damages in an employment dispute and abandoned his practice of law after a civil appeal was filed in the case. The respondent failed to file the necessary brief with the court and failed to communicate his new location to the complainant, Barbara L. Ashley, after he moved.

On or about July 13, 1995, the respondent was served with a notice of a Texas State Bar Grievance Committee hearing on the Ashley complaint. That notice was returned by the postmaster as "return to sender." On or about July 28, 1995, the respondent was served with a notice of a State Bar Grievance Committee hearing with respect to that complaint. That notice was not returned. On or about September 7, 1995, the respondent was served with another notice of a State Bar Grievance Committee hearing into that matter. That notice was returned as unclaimed. On or about December 1, 1995, respondent was served with a notice of a State Bar Grievance Committee hearing into the Ashley complaint as well as a state bar subpoena commanding him to appear and testify at that hearing. That notice was not returned by the postmaster. In a sworn affidavit dated December 13, 1995, signed by Mark A. Enax, a former investigator of the State Bar of Texas, it was set forth that Mr. Enax made a long distance call to the respondent's residence in New York and spoke with the respondent's father. Mr. Enax relayed that there would be a hearing the following day concerning the respondent. Although the respondent's father assured that he would relay the message, the respondent failed to return the call. The respondent wholly failed to comply with the state bar subpoena by failing to appear at the hearing and failing to assert a privilege or other legal grounds for failing to comply with the subpoena.

According to the evidentiary panel, the foregoing findings supported a conclusion that the respondent neglected a legal matter entrusted to him, failed to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information, and failed to timely furnish a district Grievance Committee with a response or other information, as required, and failed to assert a privilege or other legal ground for his failure to do so.

An investigatory panel of the Grievance Committee for the Texas State Bar heard the complaint and determined there was just cause to believe that the respondent had committed professional misconduct. The matter was brought before an evidentiary panel of the District No. 04D Grievance Committee. On or about February 27, 1997, an evidentiary panel charge and general counsel's proposed hearing order were mailed to the respondent at his Houston address. Service was unsuccessful and was returned by the postmaster. Attempted personal service in March 1997 was unsuccessful. Based upon information that the respondent had moved to New York, the papers were mailed to him via certified mail, return receipt requested, at his New York address on or about April 8, 1997, and June 11, 1997. The service was unsuccessful and was again returned by the postmaster.

On or about October 14, 1997, the respondent was personally served with an evidentiary panel charge and general counsel's proposed hearing order. The respondent failed to file a responsive pleading by November 3, 1997. On or about January 16, 1998, the respondent was personally served with a notice of default. He failed to timely file a verified motion reflecting good cause for his failure to timely file a response.

On or about June 16, 1998, the respondent was personally served with a motion for default judgment and order setting hearing for July 2, 1998, along with a subpoena.

The evidentiary panel conducted a hearing and found the respondent in default. Therefore, all facts alleged in the charging petition were deemed true. Neither the respondent, who had been duly notified, nor the complainant appeared. The panel rendered the opinion that the respondent was guilty of professional misconduct and should be disbarred.

The respondent was thereupon disbarred and prohibited from practicing law in the State of Texas.

The notice served by the Grievance Committee for the Ninth Judicial District upon the respondent pursuant to 22 NYCRR 691.3 apprised him of his right to assert, within 20 days, any of

the enumerated defenses to the imposition of reciprocal discipline in New York, pursuant to 22 NYCRR 691.3 (c). The Grievance Committee further apprised respondent of his right to demand a hearing at which consideration could be given to the defenses raised.

Despite the respondent's admission of service of the Grievance Committee's notice pursuant to 22 NYCRR 691.3 on March 29, 2006, the respondent failed to submit any reply. Inasmuch as the respondent has failed to assert any of the enumerated defenses or to request a hearing, there is no impediment to the imposition of discipline at this juncture. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted and, effective immediately, the respondent is disbarred in New York based upon his disbarment by default in Texas.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and RIVERA, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Glenn J. Rushin, admitted as Glenn Joseph Rushin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Glenn J. Rushin, admitted as Glenn Joseph Rushin, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Glenn J. Rushin, admitted as Glenn Joseph Rushin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Glenn J. Rushin, admitted as Glenn Joseph Rushin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).