[17 NYS3d 709]

In the Matter of ARTURO S. SUAREZ-SILVERIO (Admitted as AR-TURO SANTIAGO SUAREZ-SILVERIO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 20, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on August 21, 1996 under the name Arturo Santiago Suarez-Silverio. At all times relevant hereto, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline upon respondent, predicated upon a one-year suspension ordered by the United States Court of Appeals for the Third Circuit by order dated March 27, 2015. In the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate. Respondent was duly served with the Committee's petition but has not submitted a response.

On October 6, 2014, the Chief Deputy Clerk of the Third Circuit called respondent regarding his failure to file an appellee's brief in an immigration matter and was falsely informed that the matter had essentially settled and that a motion to reopen was pending before the Board of Immigration Appeals (BIA). Respondent did not comply with the Chief Deputy Clerk's directive that he file a letter documenting the purported status of the case and the alleged motion.

By order of October 30, 2014, the Third Circuit directed respondent to file a written response by November 3, 2014 stating the status of the BIA proceeding and explaining why the appellee's brief still had not been filed. On November 12, 2014, the court ordered respondent to appear for a hearing.

On November 18, 2014, respondent filed a response in which he admitted that a motion to reopen had not been pending and that it had not been filed until that day. On November 24, 2014, respondent appeared before the court which found that he had failed to provide adequate justification for his failure to comply with the court's directives. By order of the same date, the court referred respondent to the Third Circuit's Standing Committee on Attorney Discipline for further review and the possible imposition of sanctions.

Prior thereto, in November 2009, the Disciplinary Review Board of the Supreme Court of New Jersey had issued an

admonition to respondent for neglect of an immigration matter and failure to communicate with his client. Furthermore, by order dated June 22, 2012, the Third Circuit had publicly reprimanded respondent and sanctioned him $2,500 for his dilatory conduct and failure to correct deficiencies in pending immigration cases before that court. At that time, the court advised respondent that, inter alia, it would monitor all cases in which he appeared as counsel of record and that his failure to meet filing deadlines in future appeals would result in the issuance of an order to show cause and a hearing before the court to consider more serious sanctions.

On December 10, 2014, the Standing Committee issued an order to show cause directing respondent to explain why discipline, including suspension and disbarment should not be imposed. On January 9, 2015, respondent answered, asserting that the delay in filing the motion to reopen before the BIA was due to his ignorance of where to file the motion and that he had not made any intentional misrepresentations to the court. Respondent maintained that since he was working on the BIA motion, he did not think that he needed to respond to the Third Circuit.

Respondent did not request to be heard in person as provided by rule 10.1 of the Third Circuit Rules of Attorney Disciplinary Enforcement. Because the record in the matter consisted solely of information reflected in the Standing Committee's order to show cause, pursuant to rule 10.2 thereof it was not necessary to afford respondent the opportunity to inspect the record and to file an additional response.

On February 25, 2015, the Standing Committee issued a report finding that respondent violated rules 2.3 and 2.4 of the Third Circuit Rules of Attorney Disciplinary Enforcement. The Standing Committee recommended that respondent be suspended for a period of one year, and that he complete 20 hours of CLE programs pertaining to ethics, immigration law, and/or federal practice procedure during his suspension. The Standing Committee also recommended that upon seeking reinstatement, respondent show proof of the CLE programs he had completed and that he provide the name of a "mentor" who would counsel him for a probationary period of one year after readmission.

In reaching its determination, the Standing Committee found respondent's alleged "confusion" with respect to the filing of the BIA motion "disturbing" given that he was a seasoned immigra-

tion attorney who had practiced before the Third Circuit for more than 10 years. The Committee also noted that respondent made no effort to correct the Chief Deputy Clerk's "mistaken" belief that respondent had a pending motion before the BIA, and that respondent had not addressed his failure to respond to the Chief Deputy Clerk's October 6, 2014 directive or the Third Circuit's October 30, 2014 order. In recommending the one-year suspension, the Standing Committee took into account respondent's disciplinary history and concluded, inter alia, that he had "demonstrated an ongoing pattern and practice of disregard for Court procedure over the course of several years, and appears to have made little or no effort to improve his conduct."

By letter dated February 25, 2015, the Chief Deputy Clerk forwarded the Standing Committee's report to respondent and advised him, inter alia, that he had 20 days to file exceptions to the report. Respondent did not file any exceptions.

By order of March 27, 2015, the Third Circuit adopted the Standing Committee's recommendation and suspended respondent from practice before the court for one year, effective immediately, for failing to meet the briefing deadline and for making a misrepresentation to the Chief Deputy Clerk regarding the matter.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), a respondent is precluded from raising any defenses except: (1) a lack of notice or opportunity to be heard constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

On the record before us, no viable defense exists under 22 NYCRR 603.3 (c). Respondent was provided with sufficient notice and an opportunity to be heard. The evidence presented establishes that there was no infirmity of proof such as would provide respondent with a successful defense and that the actions for which respondent was disciplined in the Third Circuit would constitute misconduct in New York under the Rules of Professional Conduct (22 NYCRR 1200.0) (see rules 1.3 [b] [neglect]; 3.3 [a] [1] [false statement of fact or law to a tribunal or failure to correct a false statement of material fact or law previously made to the tribunal]; 8.4 [c] [conduct involving dishonesty, fraud, deceit or misrepresentation], [d] [conduct prejudicial to the administration of justice] and [h] [overall conduct adversely reflecting on fitness as a lawyer]).

As to the issue of an appropriate sanction, it is generally accepted that the jurisdiction where respondent practiced law at the time and where the offense was committed has the greatest interest in the issue (*see Matter of Block*, 116 AD3d 163 [1st Dept 2014]). Given respondent's prior disciplinary history, the one-year suspension does not deviate significantly from this Court's precedent involving similar misconduct (*see e.g. Matter of Sobolevsky*, 96 AD3d 60 [1st Dept 2012]; *Matter of Leavitt*, 291 AD2d 37 [1st Dept 2002]).

Accordingly, the Committee's petition should be granted and respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to March 27, 2015, and until further order of this Court.

MAZZARELLI, J.P., SWEENY, ACOSTA, RENWICK and ANDRIAS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to March 27, 2015, and until further order of this Court.