[22 NYS3d 434]

In the Matter of ROBERT F. COYNE (Admitted as ROBERT FRANK-LIN COYNE), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Robert F. Coyne*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Robert F. Coyne was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1996 under the name Robert Franklin Coyne. At all times relevant herein, he maintained an office for the practice of law within the First Department. Respondent's current registered address is in California.

By order of June 16, 2015, the U.S. District Court for the Southern District of New York suspended respondent for one year for misconduct committed in connection with litigation pending before the court. Specifically, the court found that respondent, inter alia, made false statements to the court, offered incomprehensible explanations to excuse the false statements, and admitted that he belatedly created a retainer agreement and backdated it.

Respondent's misconduct arose from his actions as the plaintiff's counsel in a lawsuit entitled *New World Solutions, Inc. v NameMedia, Inc.* In April 2011, respondent signed the complaint for Credit Legal Group as "Attorneys for Plaintiff." At the time the action was commenced, respondent and David Shaun Neal were each 50% owners of New World. Mr. Neal also worked as a paralegal at respondent's law firm, Coyne Legal Group, and its predecessor Credit Legal Group.

On December 12, 2012, respondent filed a motion to withdraw as New World's counsel. Earlier, on February 23 and March 12, 2012, Aaron Reichel, who was of counsel to Coyne Legal Group, had entered notices of appearance as counsel for the plaintiff, New World.

In April 2013, the court scheduled a conference for May 2, 2013 to address concerns it had as to who was actually representing New World. Respondent was ordered to personally appear at the conference, but was permitted to appear by telephone when the court learned that respondent would be out of the country on that date. When pressed by the court during the conference, respondent, who appeared to be confused and unsure of many of the facts, admitted that a prior statement he had made to the effect that he was never counsel of record for the plaintiff was "inaccurate" and a mistake. Further, respondent failed to provide an adequate explanation as to the allegation in an April 23, 2013 letter he

had written to the court that defense counsel had misrepresented that he was counsel of record for the plaintiff. In addition, respondent was asked to explain, among other things, his statement in his December 12, 2012 declaration in support of his motion for leave to withdraw as plaintiff's counsel, that he had received no instruction from his "client," a corporation which was owned, up to one week prior, 50% by him and 50% by Mr. Neal.

The court directed respondent to appear personally at the next conference on May 28, 2013, at which time, after offering several inconsistent explanations, respondent admitted that he did not have a written retainer agreement with New World at the time he commenced the action on its behalf, and that he generated a retainer agreement sometime thereafter and backdated it.

In January 2014, the Southern District's Committee on Grievances (Grievance Committee) served respondent with an order to show cause why he should not be disciplined for misconduct which violated the New York Rules of Professional Conduct (22 NYCRR 1200.0), including: rule 3.3 (a) (1) (knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to a tribunal); rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); rule 8.4 (d) (conduct prejudicial to the administration of justice); and rule 8.4 (h) (other conduct that adversely reflects on fitness as a lawyer).

Respondent submitted a response dated January 31, 2014 in which he attempted to explain his conduct and requested that the court show him leniency, based, inter alia, on his financial difficulties and the death of his father.

The Southern District concluded that no issues were raised by respondent in his submissions requiring a hearing (Local Civ. Rules of U.S. Dist. Cts. for Southern & Eastern Dists. of N.Y. rule 1.5 [d] [4]). Accordingly, by opinion and order filed January 28, 2015, the Southern District of New York Grievance Committee found that the record, which included respondent's admissions, established by clear and convincing evidence that respondent had committed professional misconduct. Specifically, the Grievance Committee found that: by stating in his December 2012 declaration in support of his motion to withdraw that "[p]laintiff has not provided any additional instruction regarding this matter" respondent knowingly made

a false statement in violation of rules 3.3 (a) (1) and 8.4 (c); by stating in his April 23, 2013 letter to the court that he was not, and never had been, counsel of record for New World, he again violated rules 3.3 (a) (1) and 8.4 (c); and respondent's carelessness with respect to his submission of the backdated retainer agreement to the court violated rule 8.4 (d) and (h). The court gave respondent the opportunity to file a written submission addressing the issue of sanction, but he made no further submission. Accordingly, by opinion and order filed June 16, 2015, the Southern District of New York Grievance Committee suspended respondent from practice before the court for one year.

By notice of petition dated September 1, 2015, the Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, for a reciprocal one-year suspension based upon the federal discipline. The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c): a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Respondent was served with the Committee's petition at his registered address in California, but has not submitted a response.

Notwithstanding the fact that respondent has not asserted any of the enumerated defenses, none are available. Respondent was afforded sufficient due process before the Southern District insofar as he was advised of the allegations against him in the Grievance Committee's order to show cause, and he submitted a response which the court considered. Furthermore, the Southern District's misconduct findings are amply supported by the record, which includes respondent's admissions. The Southern District also expressly found that respondent's conduct violated the New York Rules of Professional Conduct, thereby satisfying the third prong of the test.

Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]).

In this instance, a one-year suspension is in accord with this Court's precedent involving similar misconduct (*see e.g. Matter*

*of Suarez-Silverio*, 134 AD3d 47 [1st Dept 2015] [retroactive one-year suspension based on one-year suspension by the U.S. Court of Appeals for the Third Circuit for, inter alia, making false statements to court personnel regarding status of an immigration matter]; *Matter of Filosa*, 112 AD3d 162 [1st Dept 2013] and *Matter of Gilly*, 110 AD3d 164 [1st Dept 2013] [retroactive one-year suspension based on one-year suspension imposed by the Southern District for use of inaccurate expert report on damages and concealing facts regarding client's employment with new employer in order to extract favorable settlement from former employer]).

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to June 16, 2015, the date of his federal suspension.

SWEENY, J.P., RENWICK, SAXE, GISCHE and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to June 16, 2015, and until further order of this Court.