[52 NYS3d 4]

In the Matter of SCOTT B. GILLY, an Attorney, Respondent. AT-TORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DE-PARTMENT, Petitioner.

First Department, March 23, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

Per Curiam.

Respondent Scott B. Gilly was admitted to the practice of law in the State of New York by the First Judicial Department on October 26, 1999, under the name Scott Browning Gilly. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

In February 2013 (976 F Supp 2d 471 [2013]), the Committee on Grievances for the United States District Court for the Southern District of New York (COG) suspended respondent for one year based upon his efforts, and those of an associate he supervised, to conceal a client's new employment and the use of a false and misleading expert report on economic damages in an attempt to extract a favorable settlement in *Fryer v Omnicom Media Group* (No. 09-Civ-9514). Respondent had been additionally charged with misleading the District Court as to those events, but after respondent claimed several times, in two declarations, that his misstatements were inadvertent rather than knowing, the COG ultimately did not impose discipline for lying to the District Court, and did not make a determination as to whether respondent's explanations for his misrepresentations were persuasive or credible. Respondent was eventually reinstated in the Southern District on April 17, 2014.

In April 2013, the Attorney Grievance Committee (Committee) sought an order imposing a one-year reciprocal suspension based upon respondent's misconduct before the District Court. Respondent consented to the relief requested but asked that the suspension be imposed nunc pro tunc to February 28, 2013, the date that he voluntarily ceased practicing law. By order entered September 10, 2013 (110 AD3d 164 [1st Dept 2013]), this Court granted the petition and suspended respondent from the practice of law for a period of one year, nunc pro tunc to February 28, 2013. In February 2014, respondent moved for his reinstatement without a hearing, which the Committee did not oppose, and on May 29, 2014, this Court reinstated respondent to the practice of law in the State of New York (2014 NY Slip Op 73385[U]).

In August 2014, after respondent had already been reinstated in the Southern District, the COG became aware of new evidence suggesting that respondent had intentionally lied to the

court in the *Fryer* matter and to the COG in connection with the 2013 disciplinary proceeding. Specifically, two of respondent's former law partners stated that they had recently discovered evidence that respondent had knowingly lied to the District Court during a sanctions hearing in the *Fryer* matter, and that his subsequent explanations to the court, which he repeated to the COG during the 2013 disciplinary proceeding in defending himself on the charge of lying, falsely asserted that his misstatements were inadvertent instead of deliberate.

In letters dated December 2014 and February 2015, the COG directed respondent to answer the allegations, which he did by submitting an affidavit and a supplemental affidavit. In those submissions, respondent disputed certain factual allegations in the complaint that his former law partners had submitted, but he largely conceded the offending conduct—namely, falsely stating to the District Court and the COG that his conduct in the *Fryer* matter had been inadvertent when, in fact, it had been knowing. Based upon respondent's submissions, the COG issued an order to show cause and statement of charges alleging that respondent had violated New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3 and 8.4. In a March 2016 affidavit, respondent admitted to the factual allegations and each of the charges, presented mitigating evidence, and proposed a sanction of no greater than a public censure, with a condition that he provide one year of full time pro bono legal service.

After a review of all of respondent's submissions, the order to show cause, and the statement of charges, the COG concluded that respondent had raised no issues requiring a hearing, and, on the basis of the record and respondent's own admissions, found respondent had, knowingly and with venal intent, engaged in professional misconduct by making false statements to the District Court and to the COG in connection with his conduct in the *Fryer* matter. Thus, the COG concluded, there was clear and convincing evidence that respondent had violated rules 3.3 (a) (1) and 8.4 (c), (d) and (h). Taking the mitigating and aggravating circumstances into account, the COG decided that a one-year suspension from practice in the Southern District was the appropriate discipline. The opinion and order suspending respondent was dated September 12, 2016 (206 F Supp 3d 940 [SD NY 2016]), and directed that respondent's one-year suspension be effective immediately.

Based on the Southern District's September 12, 2016 order, the Supreme Court of Pennsylvania issued an order, dated

January 18, 2017, imposing reciprocal discipline on respondent. The Pennsylvania order imposed a one-year suspension on respondent, effective 30 days from the date of the order.

By petition dated November 16, 2016, the Attorney Grievance Committee now moves, under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, for an order finding that respondent has been disciplined by a foreign jurisdiction and directing him to demonstrate why a final order of discipline in New York should not be imposed, and for such further relief that is just and proper.

Respondent does not oppose the imposition of reciprocal discipline in New York based upon the underlying misconduct as set forth in the September 12, 2016 order, and asks that this Court impose a one-year suspension nunc pro tunc to September 12, 2016—that is, the effective date of his one-year suspension from the Southern District. In support of the effective date being made nunc pro tunc, respondent notes that he has already "self-suspended" beginning on September 12, 2016, insofar as he ceased practicing law altogether, either in the Southern District of New York, the State of New York, or any other jurisdictions in which he was admitted at the time. Respondent maintains that this Court has often imposed such retroactive suspensions to avoid an attorney receiving double punishment (*see e.g. Matter of Shea*, 308 AD2d 29 [1st Dept 2003]).

Respondent does not raise any of the available defenses under 22 NYCRR 1240.13 (b), nor could he, as he received notice and an opportunity to be heard in the foreign jurisdiction, there was no infirmity of proof establishing the misconduct, and the misconduct for which he was disciplined in the Southern District constitutes misconduct in New York. Indeed, respondent filed three submissions in response to the allegations against him and admitted engaging in the misconduct, as charged, in violation of rules 3.3 and 8.4 of the New York Rules of Professional Conduct (22 NYCRR 1200.0).

For its part, the Committee, takes no position with respect to respondent's request to impose a reciprocal suspension nunc pro tunc, but notes that this Court has previously rejected requests for retroactive application of a suspension where, as here, the underlying misconduct involved misrepresentations to a court (*see Matter of Caro*, 97 AD3d 148 [1st Dept 2012]; *Matter of Pu*, 37 AD3d 56 [1st Dept 2006], *appeal dismissed in part, denied in part* 8 NY3d 877 [2007]).

As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]; *Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]). In this instance, a one-year suspension is also in accord with this Court's precedent involving similar misconduct (*see e.g. Matter of Suarez-Silverio*, 134 AD3d 47 [1st Dept 2015]). As to respondent's request to impose the suspension nunc pro tunc to September 12, 2016, although the Committee is correct that this Court has previously denied such a request when the misconduct involved lying to a court, we have also granted it (*see e.g. Matter of Coyne*, 136 AD3d 176 [1st Dept 2016]; *Matter of Peters*, 127 AD3d at 108-109).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to September 12, 2016, and until further order of this Court.

Tom, J.P., Acosta, Mazzarelli, Moskowitz and Gische, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to September 12, 2016, and until further order of this Court.